UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JORNAY RECHURND RODRIGUEZ, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | No. CV 15-4376-GW(AJW) <br><br> MEMORANDUM AND ORDER DISMISSING PETITION |

Petitioner, who is serving an indeterminate life sentence imposed as a result of his 1997 first-degree murder conviction, filed this petition for a writ of habeas corpus on June 10, 2015. The petition does not challenge petitioner's 1997 conviction or sentence, or any subsequent decision by the Board of Parole Hearings ("Board") related to petitioner's suitability for parole. Instead, the petition challenges the state court's "judicial process" in deciding his state habeas corpus petition. [Petition at 3].

According to petitioner, he filed a habeas corpus petition in state court challenging the Board's failure to set parole dates. The petition, however, was improperly transferred to Superior Court Judge

Larry Fidler, who is a defendant in an unrelated civil complaint filed by petitioner, and Judge Fidler then improperly denied petitioner's requests for an evidentiary hearing and for a continuance. Petitioner also complains that the minute order denying his request for an evidentiary hearing erroneously indicated that petitioner's substantive claim for relief already had been denied. [Petition at 5-6].

Federal habeas corpus review is limited to deciding whether the petitioner has been convicted or sentenced in violation of the Constitution, laws, or treaties of the United States. Swarthout v. Cooke, 131 S.Ct. 859, 861 (2011) (per curiam); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Claims that error was committed during state habeas corpus proceedings are attacks on a proceeding collateral to the one that resulted in custody, not on the proceeding that resulted in custody itself, and therefore are not the type of claims contemplated by 28 U.S.C. § 2254. Thus, alleged errors in the state post-conviction collateral review process are not cognizable in federal habeas corpus proceedings. Cooper v. Neven, 641 F.3d 322, 331-32 (9th Cir.) (claims based upon "activities arising out of the state trial court's consideration of [petitioner's] last state habeas petition" were properly dismissed because they are not cognizable on federal habeas corpus review), cert. denied, 132 S.Ct. 58 (2011); Hubbart v. Knapp, 379 F.3d 773, 779 (9th Cir. 2004) (stating that a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings) (citation and quotation marks omitted)), cert. denied, 543 U.S. 1071 (2005).

\\
\\

Petitioner's challenge to the procedures employed by the state court in the course of deciding his state habeas corpus petition fails to present a cognizable claim for relief. Accordingly, this petition for a writ of habeas corpus is dismissed.

**IT IS SO ORDERED.**

Dated:   June 28, 2016

_____
George H. Wu
United States District Judge